NOT DESIGNATED FOR PUBLICATION

No. 120,161

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARISA LYNN GROSS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed June 21, 2019.
Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Marisa Lynn Gross appeals the district court's decision revoking her
probation and ordering her to serve her original sentence. We granted Gross' motion for
summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47).
The State has responded and asserts that Gross is not entitled to receive any relief.

On December 22, 2014, Gross pled guilty to one count of possession of
methamphetamine and one count of fleeing or eluding a law enforcement officer. On
September 23, 2015, the district court sentenced Gross to a controlling term of 19
months' imprisonment and granted probation with community corrections for 12 months.

1

Gross later stipulated to violating her probation by not reporting, and the district court extended the term of her probation. At a hearing on August 28, 2018, Gross stipulated to violating her probation by committing the new crime of possession of marijuana while on probation. Gross asked the district court to keep her on probation or to modify her sentence. Instead, the district court revoked Gross' probation and ordered her to serve her original sentence. Gross timely appealed.

On appeal Gross claims the district court "erred by sending [her] to prison without first imposing an intermediate sanction." But Gross concedes that the district court did not have to impose an intermediate sanction in this instance because she had committed a new crime while on probation.

The State asserts that the probation revocation issue is moot because Gross has completed serving her sentence and is now on postrelease supervision according to the Kansas Department of Corrections (KDOC) website. The KDOC website is not part of the record on appeal and we cannot take judicial notice of the information in the website. In fact, the website includes a disclaimer that the information contained in it may not be accurate. Kansas Supreme Court Rule 2.042 (2019 Kan. S. Ct. R. 18) provides that after an appeal is docketed, the State is obligated to serve notice on the clerk of the appellate courts of any change in the defendant's custodial status while the appeal is pending. Upon receipt of the notice, this court may order the defendant to show cause why an appeal should not be dismissed for mootness. The State has not complied with Rule 2.042, and we cannot consider its argument that Gross' probation revocation issue is moot.

Turning to the merits of the appeal, the procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary,

fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Gross was before the district court on her second probation violation. She had failed to report to her supervisor as directed, and she continued to illegally use drugs while on probation. As Gross concedes, the district court did not have to impose an intermediate sanction in this instance because she had committed a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). The district court's decision to revoke Gross' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Gross has failed to show that the district court abused its discretion by revoking her probation and ordering her to serve her original sentence.

Finally, Gross claims the district court erred by not modifying her sentence to less than 19 months. Under K.S.A. 2018 Supp. 22-3716(c)(1)(E), upon revoking a defendant's probation, the court may require the defendant to serve the original sentence imposed or any lesser sentence. "An appellate court reviews the district court's decision to deny a defendant's request for lesser sentence upon the revocation of probation for an abuse of discretion." *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017). Gross has not tried to show how the district court abused its discretion by refusing her request to impose a lesser sentence at the probation revocation hearing, so she fails to meet her burden of showing any error. *Stafford*, 296 Kan. at 45.

Affirmed.